UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-604-H
CIVIL ACTION NO. 3:11-CV-605-H

DANIEL RODGERS, Administrator of the Estate
of DEE-ANN MARIE MACGREGOR ELLIOTT,
and DANIEL RODGERS, Legal Guardian and
Next Friend of Sarah MacGregor, a MINOR        PLAINTIFFS

V.

MATT GILBERT, Individually, and in his capacity
as Resident Monitor for Dismas Charities, Inc., and
as Agent, Servant, or Employee of Dismas Charities,
Inc., and DISMAS CHARITIES, Inc.               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs originally filed their Complaint, asserting claims of negligence, wrongful death, and loss of consortium, in Jefferson Circuit Court on June, 16, 2009. Almost two-and-a-half years later, Defendants filed a Notice of Removal, asserting immunity from liability pursuant to the government-contractor defense. Contemporaneously, the United States also filed a Notice of Removal regarding the same case. Plaintiffs have filed a Motion to Remand in response to each, arguing (1) that Defendants' Notice of Removal is both untimely and improper; and (2) the United States lacks standing to assert removal as a non-party.

To say that the procedural context here is unusual is probably an understatement. Nevertheless, the Court has grasped the essence of the current dispute and determines that it is best to view these two "cases" as one. This Order resolves both issues, since they arise from the same action. For the reasons set forth below, the two cases will be consolidated and then

remanded.

I.

As their basis for removal, Defendants invoke the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), which provides federal jurisdiction where (1) the defendant "acted under" the direction of a federal officer; (2) the claim relates to actions performed under the color of federal office; and (3) the defendant has a colorable federal defense. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010). Although Defendants provide sound justification for applying the statute in this case, the merits of Defendants' argument are immaterial.

Removal to federal court must be timely. Upon learning that an action is removable, defendants have thirty days to provide notice of such. 28 U.S.C. § 1446(b). A defendant usually learns that an action is removable when it receives the initial pleading. *Campbell v. EPI Healthcare, LLC*, No. 08-401-ART, 2009 WL 395498, at *2 (E.D. Ky. Feb. 18, 2009). "If, however, 'the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .'" *Id*.

Defendants insist that they first ascertained this case was removable when they deposed Plaintiffs' expert, George Kirkham, on September 27, 2011. According to Defendants, Kirkham testified that Dismas should have rejected certain Bureau of Prisons ("BOP") requirements, implying that Plaintiffs' theory of liability related directly to Defendants' compliance with BOP standards and oversight. A careful review of Kirkham's deposition, however, reveals a different unfolding of events than that offered by Defendants. First, Defendants' counsel questioned

2

Kirkham regarding his knowledge of BOP regulation and led Kirkham down a path tangled with BOP issues.  Contrary to Defendants' assertion, Kirkham did not appear to be revealing that Plaintiffs' theory of liability rested entirely upon Defendants' negligent contracting with BOP, implicating the government-contractor defense.

The deposition further suggests that Defendants were well aware of their defense long before they filed for removal to federal court.  Prior to Kirkham's comments, Defendants' counsel asked whether Kirkham had been trained on BOP's classifications for inmate assignment.  Later, defense counsel refers to a witness's deposition, taken on a date previous to Kirkham's deposition, which discussed limitations on the contract between Dismas and BOP.  Counsel also refers to the agreement between BOP and Dismas as one that is "standard . . . across the United States."  The deposition reveals not that Defendants were first alerted to their defense, and thus basis for removal, during Kirkham's deposition, but that, in fact, Defendants were intimately familiar with BOP standards and oversight, BOP's relationship with Dismas, and most importantly, their roles in this litigation.

The Court cannot overlook the obviousness of Dismas's status as a BOP contractor.  At the very least, Defendants' procedures relevant to this litigation were governed by BOP.  Defendants must have known all along of Dismas's status and relationship regarding BOP, and the Court is therefore convinced that a notice of removal should have been filed much earlier.  Without stronger arguments to support the contrary, Defendants fail to establish that their Notice of Removal was filed timely.

II.

The next removal action involves the same Jefferson Circuit Court case.  Therefore, it is

3

questionable whether it should have received a separate case designation in this case. Indeed, on its own motion, this Court concludes that the second case, 3:11-CV-605, should be consolidated with the first for all purposes.

The United States's argument for removal fails for an unrelated, yet equally compelling reason. As Plaintiffs correctly note, the United States is not a party to this action and thus has no authority to remove it. "It is axiomatic that a non-party has no right to remove [] litigation from state court to federal court." *Callahan v. Callahan*, 247 F. Supp. 2d 935, 941 (S.D. Ohio 2002) (internal quotation marks and citation omitted). "[T]here is simply no basis upon which [a] [c]ourt could permit a non-party to remove a case. . . ." *Kay v. Covert*, No. 2:10-CV-433, 2010 WL 3909164, at *3 (S.D. Ohio Oct. 1, 2010). Because the United States is not a party-defendant to this action, it lacks authority to remove it. Consequently, the entire consolidated case is remanded.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Case No. 3:11-CV-605-H is consolidated with Case No. 3:11-CV-604-H and the "605" case is stricken from the docket.

IT IS FURTHER ORDERED that Plaintiffs Motion to Remand, regarding Case 3:11-CV-604-H, is SUSTAINED and this consolidated case is REMANDED to Jefferson Circuit Court.

cc:	Counsel of Record