UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-604-H

DANIEL RODGERS, Administrator of the Estate
of DEE-ANN MARIE MACGREGOR ELLIOTT,
and DANIEL RODGERS, Legal Guardian and
Next Friend of Sarah MacGregor, a MINOR                          PLAINTIFFS

V.

MATT GILBERT, Individually, and in his capacity
as Resident Monitor for Dismas Charities, Inc., and
as Agent, Servant, or Employee of Dismas Charities,
Inc., and DISMAS CHARITIES, Inc.                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed this lawsuit asserting claims of negligence, wrongful death, and loss of consortium, in Jefferson Circuit Court on June, 16, 2009. More than two years later, Defendants and the United States separately filed Notices of Removal, asserting immunity from liability pursuant to the government-contractor defense. In turn, Plaintiffs moved to remand the case. In its last Memorandum Opinion and Order, the Court sustained Plaintiffs' motion and remanded the case to Jefferson Circuit Court. Defendants' Motion to Reconsider and Stay the Court's Remand Order has raised a number of new arguments and procedural issues.

The first question is whether this Court can reconsider its own remand order. Pursuant to 28 U.S.C. § 1447(d), orders remanding cases to a state court from which they were removed are "not reviewable on appeal or otherwise, except that an order remanding a case to the State court

from which it was removed pursuant to Section 1442 or 1443 of this title shall be reviewable . . . ."[1] Notice of removal in this case was filed pursuant to 28 U.S.C. § 1442, "Federal Officers or Agencies Sued or Prosecuted." Although the amendment to § 144(d) has not been applied by a district court yet, the language of the statute is clear and leaves little room for confusion. It appears to allow remands based upon § 1442 removals to be reviewed. Therefore, the Court is not barred from reviewing its remand order on reconsideration.

In its Motion for Reconsideration, the United States relies upon the Report of the Committee on the Judiciary (the "Report") clarifying the Removal Clarification Act of 2011 (the "Act"). The Act, which was signed into law just two months ago, "ensure[s] that any individual drawn into a State legal proceeding based on that individual's status as a Federal officer has the right to remove the proceeding to a U.S. district court for adjudication." H. Rep. No. 112-17, at 1 (2011). The Report, which Defendants and the United States did not reference in their last motion, provides a "Section-by-Section Analysis" of the amendments made to 28 U.S.C. § 1442 by the Act and specifies that removal applies in "any proceeding in which a judicial order, including a subpoena for testimony *or documents*, is sought or issued." *Id.* at 6. (emphasis added). Although "[t]he great majority of requests only seek testimony or documents," which are "typically frivolous, and are ignored," the Department of Justice "cannot ignore a motion to enforce such a request." *Id*. Thus, the Report appears to clarify that despite the United States' exclusion as a named defendant in this case, its standing to remove the case to federal court is proper under certain circumstances.

---

[1] In November of 2011, Subsection (d) was amended to include remands based upon Section 1442 removals in the category of those "reviewable on appeal or otherwise." Removal Clarification Act of 2011, Pub. L. No. 112-51.

2

The Pre-Sentence Report ("PSR") sought by Plaintiffs in this case is a confidential document owned by the federal government. *United States v. Husband*, No. 05-8-03-C, 2009 WL 3806791, at *1 (W.D. Ky. Nov. 12, 2009). Once Defendants were ordered to produce the PSR, notice of removal was properly and timely filed by the United States, since Defendants possess the PSR only by way of their relationship with the Bureau of Prisons. The recent amendments to 28 U.S.C. § 1447 by the Act, and insight provided by the Report on the same, convince the Court that removal at this time is therefore proper.

The following orders should clarify matters. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion to Reconsider is SUSTAINED and the Court's Remand Order is STAYED.

IT IS FURTHER ORDERED that Plaintiffs' original Motion to Remand is now DENIED.

cc:    Counsel of Record