UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-604-H

DANIEL RODGERS, Administrator of the Estate
of DEE-ANN MARIE MACGREGOR ELLIOTT,
and DANIEL RODGERS, Legal Guardian and
Next Friend of Sarah MacGregor, a MINOR                    PLAINTIFFS

V.

MATT GILBERT, Individually, and in his capacity
as Resident Monitor for Dismas Charities, Inc., and
as Agent, Servant, or Employee of Dismas Charities,
Inc., and DISMAS CHARITIES, Inc.                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed this action in Jefferson Circuit Court alleging negligence, wrongful death, and loss of consortium arising from the death of Dee-Ann MacGregor Elliott, who was killed by Randy Bowman while both individuals were residents at Dismas Charities ("Dismas"). The Court previously ruled that removal of this case to federal court was proper pursuant to the Removal Clarification Act of 2011 which amended the federal officer removal statute, 28 U.S.C. § 1442. Plaintiffs now move for the Court to rule on disclosure of Bowman's Presentence Investigative Report ("PSR") and to remand this case to Jefferson Circuit Court. Dismas agrees that the Court should rule on disclosure of Bowman's PSR, but urges the Court to retain jurisdiction through final resolution of the case. For the reasons that follow, the Court will deny Plaintiffs' request for disclosure of Bowman's PSR and this case will be remanded to Jefferson Circuit Court.

**I.**

Presentence Investigative Reports are confidential documents owned by the United States Probation Office and prepared to assist courts in criminal sentencings. *In re Eugene Siler*, 571 F.3d 604, 610 (6th Cir. 2009) (citation omitted). Ordinarily, "disclosure of such reports is narrowly circumscribed even in the criminal cases for which they were prepared." *United States v. Krause*, 78 F.R.D. 203, 204 (D.C. Wis. 1978) (citing *United States v. Greathouse*, 484 F.2d 805 (7th Cir. 1973)). As the Supreme Court has emphasized, "in both civil and criminal cases the courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals." *United States Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988) (citation omitted). When requested, PSRs are released only in circumstances where a party demonstrates "special need." *In re Eugene Siler*, 571 F.3d at 611 (quoting *Julian*, 486 U.S. at 12). Such need is absent "when 'virtually everything in the presentence report [is] available from other sources.'" *Id.* (citations omitted).

Here, Plaintiffs argue that disclosure of Bowman's PSR is relevant to their claim that Dismas negligently accepted a dangerous individual as a resident. They seek the PSR to establish what knowledge Defendants possessed of Bowman's violent past at the time Bowman was admitted to Dismas. In the state court proceedings below, Plaintiffs' Motion to Compel argued that parties requesting documents need only prove that the information sought is relevant. If that indeed were the applicable standard, Plaintiffs would unquestionably succeed in their motion. As explained above, however, PSRs present the unique considerations of confidentiality and special need. Plaintiffs must go beyond establishing mere relevance. Here, they are unable to do so because they offer no compelling reason to justify release of a federally protected

document.  Presumably, Dismas was presented with Bowman's entire criminal record when he arrived as an inmate.  Plaintiffs have not established that they are unable to access Bowman's criminal history without discovery of the PSR.  Nor have they alleged what the PSR will contain that cannot otherwise be found in Bowman's criminal record.  If Plaintiffs seek only to prove the extent to which Dismas was aware of Bowman's violent history, then they need look no further than his criminal record itself.  Unless the PSR includes information specifically regarding Bowman's violent behavior, and such information would not otherwise be reflected in his criminal history, the Court can identify no special need for disclosure of the protected document.  For these reasons, Plaintiffs fail to demonstrate sufficient need for Defendants' disclosure of the PSR.

## II.

The parties also disagree as to whether the Court has jurisdiction over the remaining issues in this case.  Defendants argue that jurisdiction is proper even if removal was based solely upon disclosure of the PSR.  As support, they cite two court of appeals cases, one from the Sixth Circuit, and one from the District of Columbia, which explain that federal courts assume jurisdiction over all the claims and parties in a case when an action is removed pursuant to 28 U.S.C. § 1442(a)(1).  Plaintiffs, on the other hand, argue that retaining jurisdiction now would contradict the Court's previous ruling that Defendants were time-barred from asserting the government-contractor defense.

28 U.S.C. § 1442(c) resolves the parties' disagreement.  In addition to establishing that cases may be removed when federal documents are sought in state court cases, the amendments to § 1442 by the Removal Clarification Act of 2011 also elaborate on the effects of such

removals. If removal is sought for a proceeding in which federal documents are requested, "and there is no other basis for removal, only that proceeding may be removed to the district court." 28 U.S.C. § 1442(c).

Here, removal was only proper because Plaintiffs sought discovery of the PSR. Although Defendants could have asserted removal generally under the federal officer removal statute, their previous attempt to do so was untimely and therefore denied. No proper basis for removal is now present aside from the parties' dispute over the PSR. Upon resolution of this narrow issue, the case should be remanded to Jefferson Circuit Court.

The Court being otherwise sufficiently advised,

IT IS HEREBY CONCLUDED that Plaintiffs have failed to show sufficient need for disclosure of Randy Bowman's Presentence Investigative Report.

IT IS FURTHER ORDERED that this case is REMANDED to Jefferson Circuit Court.

cc:   Counsel of Record & Jefferson Circuit Court