UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-604-H

DANIEL RODGERS, Administrator of the Estate of
DEE-ANN MARIE MCGREGOR ELLIOTT,
and DANIEL RODGERS, Legal Guardian and
Next Friend of SARAH MCGREGOR, a minor
                                      PLAINTIFFS

V.

MATT GILBERT, Individually and in his capacity
as Resident Monitor for Dismas Charities, Inc., and
as Agent, Servant, or Employee of Dismas Charities,
Inc., and DISMAS CHARITIES, INC.                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Once again, a party to this case has asked the Court to stay its own order of remand pending resolution of an appeal on that matter. To understand the context, it is appropriate to review some of the procedural maneuvering that preceded the current motion.

1. On June 16, 2009, Plaintiffs filed their state tort action in Jefferson Circuit Court naming Dismas Charities and an employee (collectively "Dismas") as Defendants.

2. About two and half years later, Dismas filed a Notice of Removal based upon its immunity under the government contractor defense doctrine. Contemporaneously, the United States, a non-party, also filed a Notice of Removal based on Plaintiffs' seeking discovery of a federal pre-sentence report. Plaintiffs filed a timely motion to remand in each instance.

3. On January 12, 2012, this Court issued an order which (a) consolidated the two removed cases, (b) granted the motion to remand the tort action on the grounds that Dismas's removal under the contractor defense doctrine was untimely, and (c) granted the motion to

remand the Government's removal on the grounds that as a non-party it lacked authority to remove.

4. On February 3, 2012, this Court reconsidered its remand order because the parties and the Court had failed to consider the recently passed Removal Clarification Act of 2011. This Act granted the United States authority to remove cases, even though it may be a non-party. The Court then reconsidered and denied the original motion to remand.

5. On April 30, 2012, this Court concluded that Plaintiffs had failed to show sufficient need for disclosure of the Bowman pre-sentencing investigator report and, therefore, denied a request for its disclosure. The Court then remanded the case to Jefferson Circuit Court as no proper basis remained for jurisdiction here.

6. On April 30, 2012, Dismas filed a Notice of Appeal on the issue of its right to federal jurisdiction.

7. On June 4, 2012, the Jefferson Circuit Court Judge Judith McDonald-Burkman convened a conference to consider Plaintiffs' motion for a trial date. Dismas argued that its original appeal deprived state court of jurisdiction. According to Dismas, the state court judge noted its "confusion" as to whether a notice of appeal stays a remand order.

8. On June 15, 2012, Dismas moved to stay the order of remand. It is this motion which presents the Court with the latest of some tricky jurisdictional issues in this case.

Dismas argues that the core component of the recently passed Removal Clarification Act of 2011, which amended 28 U.S.C. §§ 1442, 1446, and 1447, is its guaranty of appellate review for remand orders issued in cases removed under the federal officer removal statute. Dismas claims that it is entitled to adjudicate its government contractor defense in federal court and that

enforcement of the remand order should be stayed pending appeal. Plaintiffs argue that appeal of a remand order does not automatically stay its enforcement. Furthermore, Plaintiffs contend that a remand order based upon untimely removal is not reviewable on appeal and that, in any event, the appeal lacks substantive merit. Defendants are certainly entitled to prosecute their appeal. For the reasons that follow, however, they are not entitled to a stay while doing so.

      No statutory language automatically stays the enforcement of a remand order pending its appeal. *See* 28 U.S.C. §§ 1442 and 1447. Therefore, Dismas requests a stay under Federal Rule of Appellate Procedure 8(a)(1)(A). When deciding whether a stay pursuant to Rule 8(a) should be granted, the Court considers four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.*

      The Removal Clarification Act authorizes the appellate review of remand orders issued in cases removed under 28 U.S.C. § 1442, but this new right of appeal does not exempt those removals from the procedural requirements of 28 U.S.C. § 1446(b). If a defendant desires removal to federal court, the notice of removal "shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading" or "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(1) and (b)(3). This Court

has previously found that Dismas's removal of this case was time-barred by § 1446(b). None of the latest arguments have caused the Court to alter that conclusion. Dismas knew of its government contractor defense and its ability to remove early in the litigation, but instead of immediately filing a notice of removal, it allowed the thirty-day period to elapse in state court. Therefore, the Court finds little merit in the grounds of the appeal.

Dismas also failed to convince the Court that any irreparable harm or threat to the public interest will come from the continuation of the state court proceedings. Considering these factors, the Court finds no need to delay Plaintiffs' pursuit of this action in state court.

For the reasons stated in its Memorandum Opinion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion to Stay is DENIED.

cc: Counsel of Record